G., C. & S. F. R'Y CO. v. JENNIE B. JACKSON ET AL.

(No. 2766.)

APPEAL from Washington County. Opinion by WILLSON, J.

J. W. TERRY, counsel for appellant.

EDDINS & EWING, counsel for appellees.

§ 47. *Venue; plea of privilege by railroad company; case stated.* Appellee Jennie B. Jackson sued appellant, the Gulf, Colorado & Santa Fe Railway Company, in justice's court to recover $105.15 damages for the alleged value of a trunk and its contents, alleged to have been lost and damaged while in charge of appellant company, as her baggage. She recovered judgment in justice's court for the amount sued for and costs. Appellant company appealed the cause to the county court, where

upon a trial *de novo* said plaintiff again recovered judgment for $66.21 damages. Pending the suit in the county court, the Missouri Pacific Railway Company was made a party thereto, at the instance of appellant company, and appeared and answered, by a plea of privilege, that it did not operate its road in Washington county, had no office or agent therein, etc. Said plea was sustained by the court, and the said appellee company was discharged from the suit, with its costs. We think there was no error in overruling the exceptions to the plea of privilege, or in sustaining said plea. Upon its face, we think the plea was sufficient, and the facts alleged in said plea were not contradicted or proposed to be contradicted by the appellant. The fact that the baggage had been checked through from Waco to Brenham by the Missouri Pacific Railway Company did not, we think, give the county court of Washington county jurisdiction over said company in this cause.

§ 48. *Baggage; damages for loss of and injury to, transportation; tender of baggage to owner.* While the charge of the court is correct as far as it goes, it does not go far enough to instruct the jury clearly and fully in the law of the case. Appellant's first special charge, which was refused by the court, correctly states the law applicable to the facts of the case and supplies the deficiency in the charge given. Said special charge should have been given. It was demanded by the evidence, and the omission of such an instruction led, doubtless, to an erroneous verdict. The special charge referred to reads as follows: "If the jury believe from the evidence that the plaintiff sustained any damages by loss of clothing, jewelry, money, etc., or by any of the clothing being damaged while her trunk was being transported from Waco to Brenham by defendant or its connecting lines, then the jury will estimate such damages as the evidence shows the plaintiff to have sustained, if any damages are shown, and return a verdict for such amount. But if the jury believe from

the evidence that only a portion of the goods in said trunk were damaged, if any were damaged, and that, within a reasonable time after said trunk arrived at its destination, the trunk and contents were tendered to the plaintiff, then it was the duty of the plaintiff to accept said trunk and its contents; and if you believe such tender was made to plaintiff, then she can only recover damages for such goods as were shown to have been lost and for such of the goods as were damaged at the time, if any were damaged." We have no hesitation in saying that the verdict and judgment are excessive under the facts and the law of the case. The property actually lost did not exceed in value $6.15 according to the plaintiff's own statement, and the damage done to the other articles could not, according to the evidence, have amounted to more than a few dollars. It must have been the conclusion of the jury that the plaintiff was entitled to recover the value of the trunk and its contents, although said trunk and the larger portion of its contents were tendered to her by appellant, at Brenham, within a reasonable time. If this was the view taken by the jury, it was an erroneous view taken of the law, and was the result, no doubt, of the failure of the court to instruct them as requested in said first special charge requested by appellant. For the errors mentioned the judgment is reversed and the cause remanded as to appellee Jennie B. Jackson, and is affirmed as to appellee the Missouri Pacific Railway Company.

January 18, 1890.